# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE L. GUSHINIERE, III, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.12-00756-CG-B |
| MIDWEST HOSPITALITY, LLC, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court due to Plaintiff's repeated failure to comply with orders of this Court. Upon review, the undersigned finds that Plaintiff has repeatedly failed to comply with orders of this Court, and that lesser sanctions will not suffice; thus, it is recommended that this action be dismissed with prejudice.

**I. Background**

Plaintiff filed the instant action against Defendant on December 22, 2012. (Doc. 1). Plaintiff alleges that Defendant failed to hire him on account of his paraplegia paralysis. (Id.). On July 10, 2013, Defendant filed a motion to compel on the ground that Plaintiff failed to provide his initial disclosures in compliance with the scheduling order. (Doc. 34). Defendant filed a second motion to compel on July 19, 2013 on the ground that Plaintiff failed to provide responses to Defendant's discovery requests. (Doc. 38). Counsel for the

parties participated in a discovery conference before the undersigned Magistrate Judge on August 2, 2013. (Doc. 42). After hearing from counsel, the Court determined that Defendant's motions were due to be granted, and ordered Plaintiff to supply complete initial disclosures, and responses to Defendant's discovery requests. (Doc. 44). The Court further determined that while Plaintiff's counsel attributed the delay in submission of Plaintiff's initial disclosures and discovery responses to problems reaching his client, he offered no explanation for his failure to notify the Court of said difficulty, nor did he offer any explanation for his failure to respond to defense counsel's letters seeking voluntary compliance. (Id.). In addition, he offered no explanation for his failure to comply with the Court's order directing him to respond to Defendant's first motion to compel. Accordingly, the Court determined that it was appropriate to impose monetary sanctions against Plaintiff's counsel due to his failure to fulfill his discovery obligations in this case. (Id. at 4). Because it was not clear when Plaintiff was advised of the deadline for his initial disclosures or the existence of Defendant's discovery requests, no sanctions were imposed against Plaintiff. (Id. at fn.1).

On September 17, 2013, Defendant filed its third motion to compel (Doc. 48). In the motion, Defendant asserted that while

Plaintiff was previously ordered to supplement his discovery responses, his supplemental responses were ambiguous and largely unintelligible. (Id.). The Court ordered Plaintiff to respond to Defendant's motion, and scheduled a discovery conference for October 22, 2013. (Doc. 54). The parties and their counsel were directed to be present for the conference. (Id.). Shortly thereafter, Plaintiff's counsel filed a motion to reschedule the conference, and a motion to withdraw. (Docs. 55, 57). The motion to reschedule was granted, and the conference was rescheduled for October 25, 2013 (Doc. 56).

On October 25, 2013, counsel for the parties appeared; however, Plaintiff did not appear.[1] Plaintiff's counsel reported that he personally informed Plaintiff of the conference and advised him that his presence was required. Plaintiff's counsel further advised that he has provided to defense counsel the supplemental discovery responses that Plaintiff had provided to him, and that he could not ethically continue to represent Plaintiff. Due to Plaintiff's absence, the Court rescheduled

---

[1] Immediately after the conference was rescheduled, defense counsel advised the Court that Defendant's corporate representative had a conflict with the new date. Because the conference was to focus on Plaintiff's discovery responses, Defendant's corporate representative was excused from the conference.

3

the discovery conference for November 18, 2013[2]. (Doc. 62). Notice was provided to Plaintiff via regular mail, and certified mail, return receipt. (Docs. 62, 63). Although the record reflects that Plaintiff received a copy of the Order, he failed to appear for the November 18th conference or to notify the Court of any circumstance, which made it impossible for him to attend. In light of the record evidence, including Plaintiff's repeated failure to appear for discovery conferences as directed by the Court, the undersigned finds that Plaintiff has willfully disobeyed orders of the Court, that lesser sanctions will not suffice, and that this action should be dismissed with prejudice.

**II. Discussion**

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's

---

[2] The Court also issued an order awarding Defendant $1602 in fees and expenses against Plaintiff's counsel in connection with Defendant's first two motions to compel. (Doc. 60).

4

authority to enforce its orders and ensure prompt disposition of legal actions." Id. Dismissal with prejudice is "an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (quotation marks and citations omitted); Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ("Although [a dismissal] is a severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court.").

In this case, Defendant's efforts to defend this case has been thwarted at every turn. As noted *supra*, Defendant was forced to file two motions to compel before Plaintiff's counsel made any effort to provide initial disclosures or discovery responses. During the initial discovery hearing, Plaintiff's counsel advised that he had encountered difficulty contacting Plaintiff; however, at that point, it was not clear when Plaintiff was first apprised of the deadline for the initial disclosures or the existence of Defendant's discovery requests. It was not until the October 25th conference that Plaintiff's counsel advised the Court that Plaintiff was fully aware of the need to supplement his discovery responses, and of the Court's

5

order requiring his appearance at the October 25th conference. Additionally, although Plaintiff received notice of the November 18, 2013 discovery conference, he failed to appear, and failed to offer any explanation for his absence. Based on Plaintiff's repeated failure to attend discovery conferences as directed by the Court, and his failure to provide proper discovery responses as directed by the Court, the undersigned finds that at this juncture, there is no reason to believe that any sanction short of dismissal with prejudice will suffice. Accordingly, the undersigned recommends that this action be dismissed with prejudice.

**III. Conclusion**.

For the reasons set forth herein, the undersigned recommends that this action be dismissed with prejudice as no lesser sanctions will suffice.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

6

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **November, 2013.**

                                            /s/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**